UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TONY HORTON,**
        Petitioner,

    v.                              Case No. 12-C-0883

**LIZZIE TEGELS, Warden,**
**New Lisbon Correctional Institution,**
        Respondent.

## ORDER

Tony Horton has filed a habeas petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Having reviewed the petition, I conclude that it does not plainly appear that Horton is not entitled to relief in the district court. Accordingly, the respondent will be ordered to file a response to the petition.

Horton has also filed a motion for appointment of counsel. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. <u>Wilson v. Duckworth</u>, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for

counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). In his motion to appoint counsel, Horton does not demonstrate that he has made a reasonable attempt to obtain counsel on his own. For that reason, his motion will be denied. However, if Horton contacts at least three attorneys about taking his case and none does, then he may renew his request for appointed counsel, at which time I will examine whether, given the difficulty of the case, Horton appears competent to litigate it himself.

Finally, I note that Horton has filed various motions seeking consolidation and a motion seeking to suppress a witness's statement. These motions will be denied on the ground that the forms of relief they request are not available in § 2254 cases.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that Horton's motions for appointment of counsel (ECF Nos. 5 & 11) are **DENIED**.

**FURTHER, IT IS ORDERED** that Horton's motions for consolidation (ECF Nos. 4, 9 & 12) and his motion to suppress a witness's statement (ECF No. 8) are **DENIED**.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on

2

the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge